# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### WICHITA FALLS DIVISION

|  | § |  |
|---|---|---|
| **JUSTIN BRYAN BELL,** | § | |
| **TDCJ No. 02129721,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:19-cv-00121-O-BP** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This habeas corpus case was referred to the undersigned automatically pursuant to Special

Order 3 on October 28, 2019. ECF No. 3. Petitioner Justin Bryan Bell ("Bell"), an inmate confined

in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park,

Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1. Before the Court are Bell's

Petition for Writ of Habeas Corpus (ECF No. 1) filed on October 28, 2019, Respondent's Response

(ECF No. 19) filed on September 25, 2020, and Bell's Reply to Respondent's Response (ECF No.

24) filed on January 29, 2021.

After considering the pleadings, briefs, and applicable legal authorities, the undersigned

**RECOMMENDS** that United States District Judge Reed O'Connor **DENY** the Petition for Writ

of Habeas Corpus (ECF No. 1).

## I.    BACKGROUND

In his petition, Bell challenges the validity of his conviction of aggravated kidnapping,

sexual assault, and assault family violence in case number 26444-A, in the 42nd Judicial District

Court of Taylor County, Texas. ECF No. 1 at 2. On October 15, 2015, a jury found Bell guilty on all three counts and sentenced him to sixty years imprisonment for aggravated kidnapping, and ten years imprisonment for sexual assault and assault family violence. *Id.* The Eleventh District Court of Appeals affirmed his conviction on October 31, 2017. ECF No. 11-3. The Texas Court of Criminal Appeals ("TCCA") granted Bell an extension to file his Petition for Discretionary Review ("PDR"), but he never filed one. ECF No. 11-7. On October 31, 2018, Bell filed a *pro se* application for a state writ of habeas corpus in which he challenged the instant convictions. ECF No. 12-17. The TCCA denied the application on July 24, 2019. ECF No. 12-19.

On October 28, 2019, Bell filed the instant petition. ECF No. 1. In it, he contests his state conviction on four grounds. First, he asserts that his trial counsel violated his Sixth Amendment right to effective assistance of counsel by failing to: (a) investigate his phone records to prove his innocence; (b) use prior inconsistent statements to cross-examine and impeach the State's two witnesses; (c) investigate or present evidence that the complainant, Mary Bowers ("Ms. Bowers"), previously filed false allegations of kidnapping against him; (d) pursue any viable defense; (e) interview any State or defense witnesses; (f) call Cheralyn Bell ("Ms. Bell") as a witness for impeachment of Ms. Bowers' testimony and as mitigation evidence; and (g) properly advise him regarding pleading guilty pursuant to a plea bargain rather than not guilty. *Id.* at 6, 11.

Second, he claims that the prosecution: (a) knowingly introduced false testimony from the only two eyewitnesses; and (b) failed to disclose potential exculpatory and mitigating statements given by the two State witnesses in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 6, 12.

Third, Bell claims that the trial court erred: (a) by holding an *ex parte* hearing with the prosecution and its witness without notifying the defense; and (b) by denying his request for a jury instruction on a lesser-included offense. *Id.* at 7, 11.

Fourth, Bell claims that his appellate counsel was ineffective because he failed to: (a) obtain an affidavit from him to support his claim of ineffective assistance of trial counsel; (b) amend his brief at his request; (c) file a response to the State's brief; (d) argue which two witnesses were not cross-examined effectively with their prior inconsistent statements and the effect on the outcome of the trial; (e) investigate any of his claims; and (f) subpoena his phone records to prove his innocence. *Id.* at 7, 13.

Respondent argues that Bell's claims are conclusory and lack merit. ECF No. 19 at 10-25. On the first claim, Respondent asserts that Bell's conclusory arguments do not meet the required standard established in *Strickland v. Washington*, 466 U.S 668 (1984) to prove that he was denied ineffective assistance of counsel, and therefore are without merit. *Id.* at 10. On the second claim, Respondent contends that Bell merely offers brief, conclusory statements to support his claim which is insufficient to establish that his due process rights were violated. *Id.* at 20. Respondent urges dismissal of Bell's third claim because he did not provide any evidence of an *ex parte* hearing being held and merely made conclusory statements. As to Bell's argument that the jury should have received a lesser-included offense instruction, Respondent argues that there is no constitutional right to an instruction on a lesser-included-offense in a non-capital state trial and thus Bell's claim on this point fails. *Id.* On the fourth claim, Respondent asserts that the record proves that Bell received effective assistance of appellate counsel, and his claims to the contrary are conclusory. *Id.*

## II.    LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides in pertinent part that:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2016).

Under the "contrary to" clause, a federal court may grant a writ of habeas corpus if the state court either arrived at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decided a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court either unreasonably applied the correct legal rule to the facts of a particular case or unreasonably extended a legal principle from Supreme Court precedent to a new context where it should not have applied or unreasonably refused to extend that principle to a new context where it should have applied. *Williams*, 529 U.S. at 407. The standard for determining whether a state court's application was unreasonable is an objective one and applies to all federal habeas corpus petitions that, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). In the context of habeas corpus, "adjudicated on the merits" is

4

a term of art referring to a state court's disposition of a case on substantive rather than procedural grounds. *Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir. 2000).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless they violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The Court presumes that the state court resolved factual issues correctly and will not disturb that resolution unless the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981). Absent such evidence, the Court applies the presumption of correctness provided that the state court's findings were evidenced in writing, issued after a hearing on the merits, and fairly supported by the record. 28 U.S.C. § 2254(d); *Burden v. Zant*, 498 U.S. 433, 436-37 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994).

## III.    ANALYSIS

### A.    Bell's ineffective assistance of counsel claim fails because Bell did not establish that his trial counsel was ineffective.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland*, 466 U.S. at 687. *Strickland* established a two-prong test for proving ineffective assistance of counsel: (1) petitioner's counsel's performance was deficient and (2) the deficient performance prejudiced the petitioner. *Id.*

To satisfy the first prong of *Strickland*, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. A court's review of counsel's performance must be "highly deferential" and must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged

conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003) (quoting *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)). "The Supreme Court has admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorneys the benefit of the doubt, . . . but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

To prove prejudice under the second prong, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Moreover, a reasonable probability "requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Harrington*, 562 U.S. at 110).

Where the state court adjudicated ineffective assistance claims on the merits, as it did for most of the claims in this case, the Court reviews Bell's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190 (citing *Knowles v. Mirzayance*, 556 U.S. 111 (2009)); *see also Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010) ("Claims of ineffective assistance of counsel involve mixed questions of law and fact and are governed by §

2254(d)(1).”). The question in such cases is not only whether counsel's performance fell below the *Strickland* standard, but also whether the state court made an unreasonable application of federal law under § 2254(d)(1). *Harrington*, 562 U.S. at 101. In “doubly deferential” cases, the Court affords defense counsel and the state court the benefit of the doubt. *Woods v. Etherton*, ___ U.S. ___, ___, 136 S. Ct. 1149, 1151 (2016) (citing *Burt v. Titlow*, 571 U.S. 12 (2013)).

In his federal habeas petition, Bell makes no argument and cites no authority to show that the TCCA's decision on his state habeas claim was contrary to or an unreasonable application of federal law. His argument seems therefore to be that the TCCA's decision is based on an unreasonable determination of the facts. In ruling on his state habeas petition, the trial court found Bell had failed to present any evidence showing: (1) his trial counsel did not thoroughly investigate his case or misinformed him regarding any legal issues; (2) the bases underlying his trial counsel's investigative strategies, i.e., the reasons why his trial counsel chose to investigate certain matters but not others in preparation for trial; (3) any benefit would have been derived from additional investigation of his phone records; (4) the strategic bases underlying his trial counsel's trial tactics; or (5) precisely what any uncalled witnesses, such as his mother, might have furnished in terms of admissible testimony at his trial. ECF No. 12-13 at 6. Since the state court's disposition of this case was on substantive rather than procedural grounds, the findings of the state court are entitled to the presumption of correctness. 28 U.S.C. § 2254(e)(1); *Jackson v. Anderson*, 112 F.3d 823, 824 (5th Cir. 1997).

Bell has not presented any evidence to rebut these findings. His ineffective assistance of counsel claims are either patently frivolous, negated by the record, or conclusory in nature. Bell has not shown that his trial counsel's performance fell below an objective standard of reasonable

professional conduct. And, even if they had, Bell has not established that he was prejudiced by any substandard performance.

### 1.    *Bell's trial counsel was not ineffective for any failure to investigate.*

Habeas relief can be warranted on the ground of ineffective assistance of counsel when an attorney does not make a reasonable pretrial investigation, which at a minimum requires counsel to interview potential witnesses and independently investigate the facts and circumstances in the case. *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994) (citing *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985)); *see also Anderson v. Johnson*, 338 F.3d 382, 391 (5th Cir. 2003). If counsel did not interview eyewitnesses and alibi witnesses, there is a strong indication of unreasonable performance. *Bryant*, 28 F.3d at 1415. Counsel provides ineffective assistance if he relies solely on discussions with the defendant and material provided by the prosecution. *Anderson*, 338 F.3d at 391.

"In assessing unreasonableness a heavy measure of deference must be applied to counsel's judgments. A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citations omitted). "Under *Strickland*, however, a petitioner cannot simply allege but must affirmatively prove prejudice." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citations and internal quotations omitted).

Bell has provided no explanation other than conclusory statements as to what his attorney should have investigated, what facts or evidence his attorney did not investigate, and what difference such an investigation would have made to the outcome of the trial. Such arguments are without merit. *Green*, 882 F.2d at 1003 ("A defendant who alleges a failure to investigate on the

part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.").

Further, Bell does not identify any mitigating evidence that his counsel failed to uncover. Instead he offers conclusory statements that his phone records would have proven that he was innocent because he and Ms. Bowers had phone conversations on the day the alleged crimes occurred. *See* ECF No. 24 at 12. Yet, Bell has not provided a record showing the existence of exculpatory evidence in the phone log, and the record is devoid of any affirmative explanation of how his trial counsel's strategy to not include his phone records prejudiced him. His simple conclusion that they would have proven his innocence is insufficient to overcome the presumption that the state court's findings are correct in order to obtain relief under § 2254. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding"); *see also Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.").

Likewise, Bell's claim that his trial counsel was ineffective for failing to investigate Ms. Bowers' previous false kidnapping allegations against him is unpersuasive. A "conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" *Strickland*, 466 U.S. at 690. Bell summarily argues that his counsel's trial strategy was flawed, and thus ineffective. While the Court must construe a *pro se* habeas petition liberally, conclusory allegations such as these are insufficient to raise cognizable claims of

ineffective assistance of counsel. *Miller*, 200 F.3d at 282 (citing *Estelle*, 694 F.2d at 1012); *see also United States v. Daniels*, 12 F. Supp. 2d 568, 575 (N.D. Tex. 1998) (conclusory allegations cannot serve as basis for a claim of ineffective assistance of counsel in a habeas proceeding).

In light of the state court's habeas findings and counsel's sworn affidavits, Bell's ineffectiveness claims do not prove that his counsel's representation fell below an objectively reasonably standard of performance. His trial counsel reasonably determined that although "it would be helpful to have evidence that it was not kidnapping, but it was assault family violence as far as the incident in Arlington," and evidence of assault family violence would not have benefitted Bell's case before the jury. ECF No. 12-13 at 9-12. Bell has not shown that his counsel's decision not to bring Ms. Bowers' previous allegations against him before the jury was an unreasonable trial tactic. Because Bell has not overcome his burden of establishing how his counsel's strategy was so flawed that it prejudiced his case, Judge O'Connor should deny Bell's claim of ineffective assistance of trial counsel on this point.

Bell states that "counsel failed to interview any state or defense witnesses" and instead "solely relied on the investigated work of the state and on the state's files." ECF No. 19 at 13. But Bell does not mention, let alone prove, a single example of a witness whom his counsel failed to interview, besides the victim Ms. Bowers, or any explanation of how his counsel did not properly prepare for trial. *See id.* at 13-14. Nor does he affirmatively prove prejudice, as he makes no statement of what harm any alleged failure to investigate might have caused. Based on Bell's trial counsel's affidavit, the state habeas court concluded that there was no failure to conduct an independent investigation where he interviewed Bell's parents and an IHOP assistant manager and spent twenty-four hours alone with Bell discussing his case and advising him on his best defenses. ECF No. 12-13 at 6. Additionally, the state habeas court did not question counsel's decision to

10

minimize Bell's contact with the victim to avoid the State concluding that he was trying to coerce a State's witness. *Id.* Given the "doubly deferential" standard the Court observes here, Bell's unsubstantiated and unspecific allegations of failure to investigate do not warrant habeas relief. *See Cullen*, 563 U.S. at 190.

> 2. *Bell's trial counsel did not render ineffective assistance by not using prior inconsistent statements to cross-examine and impeach the State's witnesses.*

Bell's claim that his trial counsel was ineffective for failing to object to the State's witnesses' testimony is without merit. As stated above, trial counsel's tactics and strategies cannot be the basis for constitutionally ineffective assistance of counsel unless they were "so ill chosen" that they "permeate[] the entire trial with obvious unfairness." *Garland*, 717 F.2d at 206. Bell attempts to argue that his counsel's trial strategy was flawed because he should have impeached the State's two witnesses, the McFarlands, with their prior inconsistent statements. He contends that on the date of the incident, the McFarlands stated that Ms. Bowers voluntarily got back into the vehicle after Bell pushed her out. ECF No. 24 at 9-10. Bell states that this contradicts their in-court testimony that Ms. Bowers attempted to jump out of the vehicle, but was unable to because of her seatbelt. *Id.*

However, the state habeas court's findings and counsel's sworn affidavits indicate that Bell's trial counsel decided not to impeach the McFarlands after carefully considering the evidence. *See* ECF No. 12-13 at 6, 10. Bell's trial counsel determined that since the McFarlands testified that Ms. Bowers "was going back and forth from the motel room to the van and that she got into the van," he believed it to be clear that she had an opportunity to get away from Bell if she wished. *Id.* at 10.

Bell has not shown that his trial counsel's decision not to cross-examine the McFarlands was an unreasonable trial tactic. Because Bell has not overcome his burden of establishing how

his counsel's strategy was so flawed that it prejudiced his case, Bell's claims of ineffective assistance of trial counsel on this point is without merit.

> 3.   *Bell's trial counsel did not err by deciding to not call Bell's mother to impeach Ms. Bowers' testimony.*

Bell also argues that his counsel failed to call his mother to the stand to offer evidence to impeach Ms. Bowers' testimony. ECF No. 1 at 11. According to Bell, his mother would have been willing to testify that Bell did not have access to the rear of the house, but instead would have had to go through the front door, in contradiction to Ms. Bowers' testimony. ECF No. 24 at 14.

The Fifth Circuit "has emphasized that 'complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative.'" *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983) (quoting *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)). Moreover, a petitioner making a claim of "ineffective assistance based on counsel's failure to call a witness [is required] to demonstrate prejudice by 'nam[ing] the witness, demonstrat[ing] that the witness was available to testify and would have done so, set[ting] out the content of the witness's proposed testimony, and show[ing] that the testimony would have been favorable to a particular defense.'" *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010) (quoting *Day v. Quaterman*, 566 F.3d 527, 538 (5th Cir. 2009)).

In her affidavit attached to Bell's state writ application, Ms. Bell stated that she was available and willing to testify at trial had Bell's trial counsel interviewed her. However, again Bell has not shown that his trial counsel's decision not to call Ms. Bell as a witness was an unreasonable trial tactic. His trial counsel stated that Ms. Bell had previously made a troubling statement to the State which would negatively impact Bell's case, so he opted instead to rely on video of Ms. Bowers and Bell at the house showing Ms. Bowers returned to the house on her own.

*See* ECF No. 12-13 at 11. Bell merely speculates that his counsel's strategy was flawed and had he let his mother testify, the jury would have found him innocent. This speculation does not overcome Bell's burden of establishing how his counsel's strategy was so flawed that it prejudiced his case. Accordingly, his claim on this point fails.

### 4. Bell has not established a claim for ineffective assistance of counsel for improper advice regarding the plea offer.

"[T]he negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." *United States v. Rivas–Lopez*, 678 F.3d 353, 356 (5th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)). The Fifth Circuit has held that "[a] defense attorney should make informed predictions about the consequences of either pleading guilty or going to trial" and should make sure the client is aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice. *See United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002). However, there is no constitutional right to be offered a plea agreement. *Missouri v. Frye*, 566 U.S. 134, 148 (2012).

To establish a claim of ineffective assistance of counsel in the plea bargain context, the petitioner must satisfy the two-part test set forth in *Strickland*. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). The petitioner must show "that [defense] counsel's representation fell below an objective standard of reasonableness." *Id.* (quoting *Strickland*, 466 U.S. at 687-88). And, he "must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). The petitioner can satisfy the prejudice prong by demonstrating that:

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 164. Unless the petitioner shows the alleged deficiency was prejudicial, the Court need not consider whether an attorney was deficient in not seeking or further negotiating a plea agreement. *Strickland*, 466 U.S. at 697. Additionally, the petitioner must show a reasonable probability that, but for counsel's errors, he would have pleaded guilty and not insisted on going to trial. *Hill*, 474 U.S. at 59.

Bell contends that his trial counsel "mislead and misadvised" him into not accepting the plea agreement offered by the prosecution. ECF No. 1 at 11. He claims that his trial counsel erroneously told him that if he were to accept the deal to plead guilty to kidnapping and serve four years, then he would be required to register as a sex offender. ECF No. 24 at 16. Bell claims that had he not been wrongly informed about having to register as a sex offender, he would have accepted the deal since the minimum sentence he could receive if he went to trial and was convicted was five years. *Id.* Respondent argues that Bell's conclusory statements that he would have accepted the offer are insufficient to state a valid claim of ineffectiveness. ECF No. 19 at 18-19.

Courts are deferential to attorneys in examining the exercise of reasonable professional judgment. The Fifth Circuit has held that a courts focus "is not what the sentencing judge might have done, had [he] pleaded guilty[,]" but instead, the Court must "determine only whether the attorney's performance was objectively reasonable as required by the Sixth Amendment and whether the petitioner has proved prejudice." *United States v. Faubion*, 19 F.3d 226, 229 (5th Cir. 1994)). Bell does not show a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial as he has not presented any objective evidence that he would have accepted a plea offer had he known he would not have to register as a sex offender. Instead, Bell has offered only his own unsworn statements that he would have

accepted the offer, which are insufficient to establish a claim of ineffective assistance of counsel. *See United States v. Gonzalez*, 493 Fed. App'x. 541, 544 (5th Cir. 2012) (A movant's unsworn allegations are insufficient to create a factual issue regarding whether he received ineffective assistance of counsel). In contrast to Bell's claims that he would have accepted an offer, the TCCA found that Bell rejected a later plea offer of twelve years as he believed that the State's main witness would not testify against him. *See* ECF No. 12-13 at 6. Accordingly, Bell has not proven that but for his trial counsel's advice, he would have pleaded guilty and received a shorter sentence, and the Court should deny his claim on this point.

### B. Bell did not establish that the State knowingly presented false testimony at trial or that it withheld exculpatory evidence.

Bell alleges that during his trial, the prosecution knowingly introduced false testimony from the only two eyewitnesses and violated *Brady* by failing to disclose potential exculpatory and mitigating statements given by the two state witnesses. ECF No. 1 at 12. Respondent argues that Bell's claim lacks merit as he is unable to prove that either of the witness's testimony was actually false or that the prosecutor withheld any exculpatory evidence. ECF No. 19 at 20-22.

"The Due Process Clause of the Fourteenth Amendment forbids the government from knowingly using, or failing to correct, false testimony." *United States v. Mason*, 293 F.3d 826, 828 (5th Cir. 2002) (citing *Giglio v. United States*, 405 U.S. 150, 153 (1972); *Napue v. Illinois*, 360 U.S. 264, 271 (1959)); *see also Isaac v. Cain*, 588 F. App'x 318, 327 (5th Cir. 2014) (per curiam) ("Under *Napue,* 'a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment.'") (quoting *Napue*, 360 U.S. at 269) (citations omitted)).

"To establish a due process violation based on the government's use of false or misleading testimony, a petitioner must show (1) that the witness's testimony was actually false, (2) that the

15

testimony was material, and (3) that the prosecution knew the witness's testimony was false." *Fuller v. Johnson*, 114 F.3d 491, 496 (5th Cir. 1997). But "due process is [ ] implicated by the prosecution's introduction or allowance of false or perjured testimony [only when] the prosecution actually knows or believes the testimony to be false or perjured; it is not enough that the testimony is challenged by another witness or is inconsistent with prior statements." *United States v. Brown*, 634 F.2d 819, 827 (5th Cir. 1981) (citations omitted). Thus,

> [w]hen attempting to show perjured testimony, the false or misleading nature of certain testimony cannot be established simply by pointing to contradictory testimony from other witnesses, inconsistencies within a witness's testimony, or conflicts between or among written statements and live testimony. Such matters go only to the weight of the evidence and the credibility of the witness.

*Craig v. Director, TDCJ–CID*, No. 5:07-cv-167, 2013 WL 4711483, at *14 (E.D. Tex. Aug. 30, 2013) (citing *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990)). "Evidence is 'false' if, inter alia, it is specific misleading evidence important to the prosecution's case in chief." *Nobles v. Johnson*, 127 F.3d 409, 415 (5th Cir. 1997). To merely dispute testimony "is not to prove that it is 'false.'" *Fuller*, 114 F.3d at 496. "Conflicting or inconsistent testimony is insufficient to establish perjury." *Kutzner v. Johnson*, 242 F.3d 605, 609 (5th Cir. 2001).

"Perjury is material and a new trial is required, if 'there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.'" *Creel v. Johnson*, 162 F.3d 385, 391 (5th Cir. 1998) (quoting *Kirkpatrick v. Whitley*, 992 F.2d 491, 497 (5th Cir.1993)) (citation omitted). *See Kyles v. Whitley*, 514 U.S. 419, 434 (1995) ("[A] showing of materiality does not require demonstration by a preponderance that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal"). In determining materiality, the Court must evaluate the false testimony "in the context of the entire record," and "[i]f there is no reasonable doubt about guilty whether or not the [false] evidence is considered, there is no justification for a

new trial." *Brady*, 373 U.S. at 112-113. "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Agurs,* 427 U.S. 97, 109-10 (1976). The materiality standard "is identical to" the ineffective assistance of counsel "prejudice" standard enunciated in *Strickland*. *Johnson v. Scott,* 68 F.3d 106, 109-110 (5th Cir. 1995). "Materiality" is not "a sufficiency of the evidence test." *Kyles,* 514 U.S. at 434 (1995). "[T]he issue of materiality involves a mixed question of law and fact." *Tucker v. Johnson,* 242 F.3d 617, 626 (5th Cir. 2001).

Bell claims that the prosecution knowingly introduced false testimony from the McFarlands when they contradicted their video statements "which are in possession of the State." ECF No. 24 at 17. However, Bell does not allege any facts to establish a due process violation based on the government's use of false or misleading testimony. He does not state what testimony the McFarlands allegedly lied about, nor that their allegedly false testimony was material. All Bell claims is that the prosecution possessed video statements from the McFarlands that contradicted their testimony at trial. This fact standing alone is insufficient to establish that the prosecution violated his due process rights.

Next, Bell alleges that the Respondent violated *Brady* by failing to disclose potential exculpatory and mitigating statements given by the two state witnesses, Ms. Bowers and Krista Marderosian ("Ms. Marderosian"). ECF No. 24 at 17-18. Bell claims these witnesses attempted to withdraw their accusations and to drop their charges against him. *Id.* at 18. Bell supports his contention with a signed letter from a Daniel Vivion, who states that he drove Ms. Marderosian to the District Attorney's Office twice to drop her charges against Bell, and each time she returned to the car and stated that they would not let her drop the charges. ECF No. 12-17 at 45.

To establish a *Brady* violation, Bell must show: "(1) the evidence at issue was favorable to the accused, either because it was exculpatory or impeaching; (2) the evidence was suppressed by the prosecution; and (3) the evidence was material." *United States v. Glenn*, 935 F.3d 313, 319 (5th Cir. 2019) (citation omitted). Evidence is "material" only if there is a reasonable probability that the outcome of the trial would have been different had the exculpatory material been disclosed. *United States v. Bagley,* 473 U.S. 667, 682 (1985); *Andrews v. Collins,* 21 F.3d 612, 626 (5th Cir. 1994), *cert. denied,* 513 U.S. 1114 (1995). "'A reasonable probability of a different result' is one in which the suppressed evidence 'undermines confidence in the outcome of the trial.'" *Turner v. United States*, ___ U.S. ___, ___, 137 S. Ct. 1885, 1893 (2017) (quoting *Kyles*, 514 U.S. at 434 (1995)). A petitioner need not show that he "would more likely than not have received a different verdict with the evidence." *Kyles*, 514 U.S. at 434. Whether evidence must be produced and whether it is material under *Brady* are a mixed question of law and fact. *Brown v. Cain,* 104 F.3d 744, 750 (5th Cir. 1997), *cert. denied,* 520 U.S. 1195 (1997). If by using reasonable due diligence, Bell could have obtained the information alleged to have been suppressed, a *Brady* violation does not arise. *United States v. Ramirez,* 810 F.2d 1338, 1343 (5th Cir. 1997), *cert. denied,* 484 U.S. 844 (1987).

Bell has not identified any specific evidence allegedly withheld by the prosecutor. He only references unspecified evidence that Ms. Bowers and Ms. Marderosian attempted to withdraw their charges against him and argues that the prosecution should have been produced this evidence to him and his attorney. However, Bell makes no attempt to identify what evidence there is of either witnesses' attempt to withdraw their accusations. Bell points to a handwritten letter by Mr. Vivion as proof that the prosecution withheld evidence, but Bell does not establish or even claim the evidence that was allegedly suppressed is material and would have altered the outcome of his trial.

18

Additionally, Bell does not establish how Mr. Vivion's statement shows that the prosecution withheld evidence of Ms. Bowers statements as his letter does not mention her. Bell also does not allege that he was unable to obtain either written statement through due diligence. *See West v. Johnson*, 92 F.3d 1385, 1399 (5th Cir. 1996) ("Evidence is not 'suppressed' if the defendant either knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence."). The Court cannot conclude that the evidence at issue was favorable to petitioner and material to either guilt or punishment. *See Barnard v. Collins,* 958 F.2d 634, 642 n. 11 (5th Cir. 1992), *cert. denied,* 506 U.S. 1057 (1993) (habeas petitioner must show how alleged errors and omissions were constitutionally deficient). This ground for relief is without merit.

### C. Bell did not establish that the trial court erred by either having an *ex parte* hearing without notice to the defense, or by not including instructions of a lesser included offense.

Bell seeks relief because the state trial judge, the Honorable John Weeks, "admitted" during a pretrial hearing on September 11, 2015 that an *ex parte* hearing had taken place without Bell or his counsel being present. ECF No. 24 at 19. Respondent counters that Bell's claim lacks merit as the record does not support the existence of an *ex parte* hearing such as Bell asserts. ECF No. 19 at 19. Because the state courts already have considered and rejected this claim, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of federal law, or if the state courts' decision is based on an unreasonable determination of the facts in light of the evidence before the court. 28 U.S.C. § 2254(d).

Although the record does not contain the transcript of a pretrial hearing in which the prosecution was present and defense counsel and Bell were not, there is an indication that some interaction between the trial court and Ms. Bowers took place. From the record before the Court, it appears that the *ex parte* matter that Judge Weeks alluded to would have taken place sometime

between July 21, 2015 and September 11, 2015. On July 20, 2015, Judge Weeks heard pretrial

motions including a motion to suppress, motion in limine, and a motion for an extraneous offense.

ECF No. 11-11. During that hearing, the assistant district attorney requested Judge Weeks to issue

a writ of attachment compelling Ms. Bowers to come to the trial from Denton because she was not

then present pursuant to a subpoena that had been served on her. *Id.* at 7-10. Judge Weeks stated

that he would give the authorities twenty-four hours to bring Ms. Bowers to the courthouse and

would start the trial the next day. *Id.* at 10. Ms. Bowers was not present the next day, July 21, 2015,

and the court continued the trial. ECF No. 11-12.

The next hearing shown in the record occurred on September 11, 2015. The transcript of

that pretrial hearing contains the following exchange between Judge Weeks and Bell's trial

counsel:

> [DEFENSE COUNSEL]: I was wondering why at the last time we had this, there
> was going to be a Writ of Attachment issue that I don't believe – I don't know
> whether a Writ of Attachment was ever issued or not.
> THE COURT: It was issued and she was picked up and brought to court. She sat
> right there and they picked her up and – Did you go get her[?]
> [MR. PHIPPS]: No, it was –
> THE COURT: Lewisville, Texas.
> [DEFENSE COUNSEL]: Well, I was not given notice.
> THE COURT: She was brought over here.
> [DEFENSE COUNSEL]: I didn't get notice of that hearing.
> THE COURT: Okay.
> [DEFENSE COUNSEL]: I didn't know that.
> THE COURT: We did. We did it. She was brought here, and she sat right there.
> [DEFENSE COUNSEL]: But I would like to have been present. I had no time to
> talk to her or do anything else, so we'd –
> THE COURT: Well, I – I don't know what to say about that.
> [DEFENSE COUNSEL]: Okay. All right…

ECF No. 11-13 at 11-12.

The "last time we had this" referred to by Bell's counsel in the quoted transcript excerpt

would have been the pretrial hearing on July 20, 2015 in which the trial court issued the writ of

attachment for Ms. Bowers. *See* ECF No. 11-11. Although the record excerpts strongly suggest that Ms. Bowers appeared before Judge Weeks in the courtroom pursuant to the writ of attachment without Bell and his attorney being present, this occurrence not support habeas relief here for several reasons.

First, "[a]n error in the application of state law by the trial court does not provide grounds for habeas relief," as federal courts are not to reexamine state court determinations on state law questions. *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)). Federal habeas corpus relief may only be granted for errors in state law where either the errors involved matters of "constitutional dimension rather than mere violations of state law," and the errors "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973); *Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992). Bell has not satisfied this standard.

It seems quite likely that any discussion in court concerning Ms. Bowers and the writ of attachment took place in a case that was dismissed before the case from which Bell seeks habeas relief in this Court. As Bell's counsel stated in Defendant's Motion to Adopt Motions File in Prior Cause filed in the state trial court, "Bell was originally charged with Aggravated Kidnapping/Aggravated Sexual Assault/Assault Family Violence in cause number 25566-A." ECF No. 11-9 at 51. "On or about 10 September 2015, the State of Texas moved to dismiss said cause" and proceeded against Bell in cause number 26444-A. *Id.* According to the state court docket sheet, the court adopted all motions filed in cause number 25566-A into cause number 26,444-A. *Id.* at 116. Given the sequence of events shown by the record excerpts, including Bell's counsel's statements at the September 11, 2015 hearing about "the last time we had this," the Court finds that any hearing or discussion concerning the writ of attachment served on Ms. Bowers that Judge

Weeks held outside of the presence of Bell or his counsel occurred before September 10, 2015 when the State of Texas moved to dismiss cause number 25566-A. Thus, any proceedings in a previously dismissed case are irrelevant to Bell's habeas claims arising from his conviction in cause num 26,444-A.

Second, Bell has not brought forth any evidence to show that the state habeas court unreasonably applied the facts to federal or state law. He has not shown that he was prejudiced by any proceeding that occurred in his absence, even if that proceeding occurred in the state case at issue here. While Texas Code of Criminal Procedure Articles 28.01 and 33.03 guarantee Bell the right to be personally present at his trial and any pre-trial proceedings against him, "not every pre-trial courtroom occurrence constitutes a 'proceeding' in contemplation of Article 28.01." *Falk v. State*, No. AP-77,071, 2021 WL 2008967, at *6 (Tex. Crim. App. May 19, 2021) (citing *Adanandus v. State*, 866 S.W.2d 210, 218 (Tex. Crim. App. 1993)). To establish whether a violation of Article 28.01 has occurred, the Court must determine whether bringing Ms. Bowers into the state courtroom before Judge Weeks in response to a writ of attachment was a "pre-trial proceeding" or part of Bell's trial. *Adanandus*, 866 S.W.2d at 218. The TCCA has held that there must be some evidence, such as a transcript or a written order, that indicates that the court made its conclusions during the "proceeding" at issue in order to require the defendant's presence at the proceeding. *Riggall v. State*, 590 S.W.2d 460, 461 (Tex. Crim. App. 1979). After establishing a violation of either Article 28.01 or 33.03, the defendant must then establish a comparable constitutional error. *Jacobs v. State*, 560 S.W.3d 205, 209 (Tex. Crim. App. 2018). If the defendant cannot establish a constitutional error, the violation is subject to harmless error review. *Id.*

Even had the occurrence taken place in the state case from which Bell seeks relief, Bell has not established that he was entitled to be present because the occurrence was a part of his trial or

constituted a pre-trial hearing. There is no evidence of any written order indicating the existence of such a hearing occurring, much less that the state trial court reached any conclusions during the hearing. Furthermore, the record is absent of a transcription of the hearing that indicates the hearing was intended to be made a part of the statement of facts in Bell's case. Without any evidence which indicates the court made its conclusions during the hearing, Bell did not establish that he was entitled to be present when Ms. Bowers was brought into the courtroom before Judge Weeks.

Even if Bell could establish that bringing Ms. Bowers before the court was either a pre-trial proceeding or part of his trial, he has not established a constitutional error. Ms. Bowers testified at trial in the case, and Bell's counsel cross-examined her extensively. *See* ECF No. 11-14 at 145-203. Bell's attorney asked her questions about not appearing for trial and about "a conversation with the Court and the district attorney's office here in this courtroom," and Ms. Bowers answered his questions. *Id.* at 203. Bell's counsel also asked her if he was present for that conversation, and she said that she did not think so. *Id.* Bell's counsel asked her about contacts that she had had with the Taylor County District Attorney's Office. *Id.* at 196-97. Given his counsel's questioning of Ms. Bowers at trial, and the absence of any transcript of the proceeding on the writ of attachment issued to her, Bell cannot demonstrate any prejudice arising from discussions in the courtroom between Judge Weeks and Ms. Bowers at which he and his counsel were not present.

The interpretation and application of the Texas Code of Criminal Procedure is a matter of Texas state law, in which it is "not the province of a federal habeas court to reexamine state-court determinations on state law questions." *Estelle*, 502 U.S. at 67-68. The TCCA already has denied Bell relief on this issue. Because Bell has not provided any evidence to indicate that the state court unreasonably applied the facts to federal or state law, the federal courts are not enabled to give

23

him the redress he seeks.

Finally, the standard is clear in habeas corpus proceedings that the petitioner must establish through clear and convincing evidence that the state court either unreasonably applied the correct legal rule to the facts of a particular case or unreasonably extended a legal principle from Supreme Court precedent to a new context where it should not have applied or unreasonably refused to extend that principle to a new context where it should have applied. *Williams*, 529 U.S. at 407. Even if the transcript of the writ of attachment proceeding involving Ms. Bowers were properly before the Court, Bell has not established that the state court's decision on his own state habeas corpus claim was unreasonable. While Bell claims that bringing in the State's witness without notifying his counsel qualifies as a trial error, he is unable to establish that this error was a violation of his constitutional rights. While his counsel may have been unable to question the State's witness during a hearing in Bell's previous, dismissed case, Bell was later indicted in the case from which he seeks relief, affording his counsel the opportunity to cross-examine the witness during his trial as noted above. Bell has not offered any evidence to meet his burden and overcome the Court's presumption that the state court resolved factual issues correctly, and therefore, Judge O'Connor should deny him habeas relief on this ground.

As to Bell's second claim, the Fifth Circuit has held that "[i]n a non-capital murder case, the failure to give an instruction on a lesser included offense does not raise a federal constitutional issue." *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988); *Alexander v. McCotter*, 775 F.2d 595, 601 (5th Cir. 1985) (holding lesser included offense instruction is not a federal constitutional matter in non-capital cases). Here, Bell was charged with aggravated kidnapping, sexual assault, and assault family violence, all non-capital offenses. *See* ECF No. 1 at 2. His argument on this point fails as a result.

Bell may not prevail in a federal habeas action simply by showing a violation of state law—he must show that the trial was fundamentally unfair, thus denying him due process by prejudicing the outcome of the trial. *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988). Bell has not done this. He has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Williams*, 529 U.S. at 402-03; *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). Accordingly, habeas relief on this ground is not proper.

      **D.**    **Bell's ineffective assistance of appellate counsel claim fails he has not shown that his appellate counsel was ineffective or that his counsel's performance prejudiced him.**

In a claim of ineffective assistance of counsel on appeal, a petitioner must demonstrate both that "counsel's errors were so serious that counsel was not functioning as the counsel guaranteed to the defendant by the sixth amendment" and "that the particular lapse was prejudicial, meaning that there is a reasonable probability that but for the error the ultimate result would have been different." *McCrae v. Blackburn*, 793 F.2d 684, 688 (5th Cir. 1986). A reasonable probability is one sufficient to undermine confidence in the outcome of the appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991). The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be asserted on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips,* 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland,* 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid,

meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999). To determine whether appellate counsel was deficient, the Court thus must consider whether the omitted challenge "would have been sufficiently meritorious such that [the attorney] should have raised it on appeal." *Phillips,* 210 F.3d at 348.

Bell summarily argues that his appellate counsel failed to investigate his claim by failing to obtain Bell's affidavit and subpoena his phone records. ECF No. 1 at 13. A petitioner who alleges a failure to investigate on the part of counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the proceeding. *Alexander,* 775 F.2d at 602; *Gray v. Lucas,* 677 F.2d 1086, 1093 (5th Cir. 1982). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods,* 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard,* 691 F.2d 796, 799 (5th Cir. 1982). Bell's conclusory allegations that his appellate counsel failed to properly investigate his case on appeal do not sufficiently identify what a further investigation would have revealed. Thus, Bell's claim does not meet the second prong of *Strickland*, as Bell does not argue or provide sufficient support of how the result on appeal would have been different. Because these claims are conclusory in nature and do not show how additional investigation would have led to a different result on appeal, they fail to state a ground upon which habeas relief may be granted. *Estelle*, 694 F.2d at 1012.

Bell also asserts that his appellate counsel was ineffective because he failed to amend his brief at his request, file a response to the State's brief, and argue that two witnesses were not cross-examined effectively with their prior inconsistent statements which affected the outcome of the trial. ECF No. 1 at 13. However, Bell does not demonstrate deficient performance by counsel and prejudice on appeal. His appellate counsel was not required to raise every conceivable argument

urged by his client on appeal, regardless of merit. *Smith v. Robbins*, 528 U.S. 259, 287-88 (2000). It is counsel's duty to choose among potential issues, according to his judgment as to their merits and the best tactical approach to take. *Jones v. Barnes*, 463 U.S. 745, 749 (1983). Prejudice does not result from appellate counsel's failure to assert meritless claims or arguments. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Bell does not state what arguments his appellate counsel failed to raise, and he has not shown that a different outcome on appeal would have resulted if his counsel had raised such allegations. Instead, he simply asserts that his appellate counsel was ineffective without any explanation. Without more than his own conclusory statements, Bell cannot establish that his appellate counsel was ineffective. Therefore, habeas relief on this ground is not available because Bell has not demonstrated that his counsel's performance on appeal was objectively unreasonable or that it resulted in prejudice.

### E.    Bell is not entitled to an evidentiary hearing.

Under 28 U.S.C. § 2254(e)(2), federal courts are "generally prohibit[ed] from granting evidentiary hearings when applicants have failed to develop the factual bases for their claims in state courts." *Schriro v. Landrigan*, 550 U.S. 465, 473 n. 1 (2007). However, if the petitioner sufficiently established a factual bases for his claims, "the decision to grant an evidentiary hearing [is] generally left to the sound discretion of district courts." *Id.* at 473. "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which if true, would entitle the applicant to federal habeas relief." *Id.* at 474. "Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* (citation omitted). Thus, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not

required to hold an evidentiary hearing." *Id.*   "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1012 n. 2 (5th Cir. 1983); *accord United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue"); *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing).

Upon review of the motion to vacate and the files and records of this case, the undersigned concludes that an evidentiary hearing is unnecessary. Bell's unsupported allegations do not entitle him to an evidentiary hearing. In this instance, the matters reviewed by the Court conclusively show that he is not entitled to habeas relief.

## IV.   CONCLUSION

Having independently reviewed the state court record as it relates to Bell's petition, the undersigned finds nothing unreasonable in the state court's application of clearly established federal law or in its determination of facts based on the evidence. Bell has not shown cause and prejudice or a miscarriage of justice that would allow the Court to review these claims. Bell did not establish that his trial or appellate counsel rendered him ineffective assistance, that the State introduced false testimony or withheld exculpatory evidence, or that the trial court erred. The state court's conclusions on Bell's claims do not conflict with any clearly established federal law as determined by the Supreme Court, nor were they "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). The record does not support Bell's conclusory allegations to the contrary, and thus the state court was correct in determining his claims were

without merit. For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Petition for Writ of Habeas Corpus (ECF No. 1).

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2019) and Fed. R. Civ. P. 72(b)(1) (2019). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

      **SIGNED** on June 30, 2021.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE